Birchard, C. J.,
dissenting. I have always been of the opinion, that on a sale of personal property, whether absolute or conditional, a delivery, either actual or symbolical, is necessary to transfer the title, so as to defeat a subsequent bona fide purchaser for valuable consideration without notice.
In Twyne’s case it was held, that if possession did not accompany and follow the deed, the sale was fraudulent per se as against creditors and subsequent purchasers. In this *state the rule of the English and New York and United States courts has been modified. We now follow the recent decisions of those courts, and regard the retaining of (he possession after a sale as only prima facie evidence that it is fraudulent.
But that A. may set down in his office and make to B. a mortgage of personal property, which is not present and not even delivered to B., and thereby vest in him a title which will enable B. to defeat C. a bona fide purchaser, to whom A. may subsequently sell and deliver the same property, is just what I do not believe should be permitted.
I am aware that some writers have said that a sale of personal property without delivery is good and vests the title in the purchaser, and there may be decisions of cases by courts who follow the digests, the same way.
I would neither follow the digests nor such courts, upon a matter which is a departure from sound principles. I bow to the authorities in all cases, but by authorities, I mean the adjudication of respectable courts of last resort, whose decisions are based upon doctrines and principles that would do equal justice between man and man. It should be held that the right of Hooben to tho oxen in controversy, is inferior to the right of Bidwell. That Hooben’s right until delivery, was a mere right in contract, not a right to the property as against third persons. It was like a contract of sale where the goods have been stopped in transitu before delivery, no title vested.
Although a symbolical delivery in one sense may seem a mere farcical thing of little moment, something which might well be dispensed with, and which subserves no good purpose, yet fre *431 quently it is not so. Who can say in this case, that if a witness had been called to attest a mere formal delivery, it would not have prevented the imposition practiced upon Bidwell? It might have given notoriety to the sale. The witness called to attest the formal delivery might have given him information of the mortgage.
I look upon the rule that a delivery of some kind is necessary *to perfect a sale of personal property, as a very ancient one. If I could discover no reason why it was ever adopted, or why it should further be adhered to, I should not be willing to obliterate it so long as it produces no mischief. Ancient rules of law are like ancient landmarks, and the chances are ten to one, that in some way, or at some time, they will be of use.